Mathews, J.
delivered the opinion of the court.* This case having been before this court in two instances previous to the present (ante 290, 3 Martin, 588.) and the principles on which the rights of creditors to sue an insolvent debtor, not released by them, and also the manuer of proceeding having been settled by judgment heretofore given, it now only remains for as to apply these principles conformably to the facts in this cause.
*560 It is a suit brought by one of the creditor’s of an insolvent debtor, who surrendered his property for the benefit of his creditors, but never obtained a discharge from them, and is consequently liable to pay them, out of such funds as he may have acquired since his failure, any balance which be found unsatisfied, after a liquidation of his estate by his syndics, and distribution according to law.
By the statement of facts, it appears that some of the property surrendered was lost after it came to the hands of the syndics of the creditors, viz: $600 by the failure of one of them, and $1,800 in consequence of the failure of an auctioneer, into whose hands property had been placed to be sold, and that great expences have been incurred in the management of the estate. It also appears from the testimony of one of the syndics, that nothing remains to be divided among the creditors by simple contract, after satisfying the privileged debts.
On these facts, the defendant and appellant opposes the claim of the plaintiff and appellee. 1, Inasmuch as it is not alleged that a liquidation of the insolvent’s estate, and a distribution among his creditors have taken place: as until this happens, no creditor is authorised to sue for debts *561 contracted before the surrender. 2. Inasmuch as, if the plaintiff and appellee may maintain his suit, a deduction from his debt ought to be made, proportionate with the other creditors, according to the amount of losses and expences accruing to the estate, since it has been in the possession of the syndics.
I. As to the first of these objections, it appears, in the statement of facts, by the testimony of the syndics that, after paying privileged debts, nothing remains to be distributed among the creditors by simple contract. We have not been able to discover any thing, in the proofs and documents of the case, that may be set in opposition to the truth of this testimony: and, certainly, it would be unreasonable and absurd, to compel a creditor to wait for the final liquidation and distribution of an insolvent debtor’s estate, when it clearly appears, that there remains nothing for him to expect. Under circumstances like these, the reason of the rule ceases: for its spirit must have been complied with, before such a result could have been ascertained.
II. How far the claim of the plaintiff and appellee ought to be reduced in consequence of losses and expences, which have accrued while the estate was in the hands of the syndics, is a question *562 of some difficulty. The surrender of his property, by a debtor to his creditors, does not give it to his creditors. It only gives them the right of selling it for their benefit and receiving the income of it, in the meanwhile. Civil Code 294, art. 171. The debtor therefore remains the proprietor of his estate, so surrendered, until it be sold; and it is a general maxim that whatever perishes or is lost, is a loss to the owner: and every misfortune of this nature, happening between the surrender and sale, where there is no negligence, nor improper conduct on the part of the creditors or the syndics, must be borne by the debtor. As to losses, which accrue after the sale, and under a proper administration of the estate by the syndics, it is unnecessary, in the present case, to lay down any general rule. If they manage the estate improperly, or without due care or precaution, they or their constituents ought to bear the loss which may be incurred. In the case now under consideration, it appears that 1800 dollars have been lost, by the failure of an auctioneer to whose part of the property of the insolvent was intrusted for sale by the syndics. Now, if they had exercised ordinary prudence and discretion, how could the loss have happened? Auctioneers are bound by law to give sureties, who are ans *563 werable for their acts. It does not, it is true, appear from the statement of facts, whether the person applied to by the syndics gave the security required by law: yet as the loss is explicitly admitted and consequently his failure, we must presume that he had not given sureties for his good conduct, for if he had, then the amount for which he was in default, might have been recovered from them, and no loss wohld have ensued. We are, therefore, of opinion that a deduction ought to be made from the claim of the appellee, on account of this loss, as well as that resulting from the insolvency of one of the syndics.
With regard to the expences incurred in the management of the estate, it does not sufficiently appear whether they were just and necessary or illegal and superfluous, consequently on this point no opinion can be given.
The district court having failed to allow the credit claimed by the appellant, on account of the loss of 1800 dollars, by the failure of the auctioneer, the judgment must he annulled, a-avoided and reversed, and this is accordingly ordered. And proceeding now to give such a judgment as in our opinion ought there to have been given: it is further ordered, adjudged and decreed that the plaintiff and appellee do re *564 cover from the defendant and appellant, the sum of 712 dollars, with legal interest from the 9th of May 1814, until paid, with costs, but that he do pay those of the appeal.
Duncan for the plaintiff, Hennen for the defendant.

Martin, J. did not join in this opinion, having been of counsel in the cause.